LAWRENCE A. PURITZ, SBN 80555
SEAN PURITZ, SBN 294624
**LAW OFFICES OF LAWRENCE A. PURITZ**
PO BOX 935
Chico, CA 95927
Phone: 530-343-1614
Fax: 530-343-1629
Email: Puritz@NorthValleyLawyer.com
CC:   PuritzLawOffices@NorthValleyLawyer.com
**Attorney for Plaintiff, ES, a minor,
by and through her Guardian Ad Litem, Ross Sandberg**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ES, a minor, by and through her Guardian Ad Litem, Ross Sandberg,<br><br>Plaintiff,<br><br>v.<br><br>United States of America<br><br>Defendants<br>　　　　　Defendants. | Case No. 2:22-CV-02138-MCE-DMC<br>District Judge Morrison C. England, Jr.<br>Magistrate Judge Dennis M. Cota<br><br>**NOTICE AND PETITION FOR APPROVAL OF COMPROMISE OF CLAIM OF MINOR; DECLARATION OF LAWRENCE A. PURITZ; EXHIBITS IN SUPPORT**<br><br>Hearing Date: **January 25, 2024**<br>Time: **10:00am**<br>Court Room: 7 **(Via Zoom)** |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that Plaintiff E.S. a minor, by and through her guardian ad litem, Ross Sandberg, will and hereby does petition this Court to approve the proposed compromise.

Pursuant to local rule on Compliance: Prior to filing this motion, the parties conferred and corresponded regarding its contents.

1     This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, the attached Declaration of Lawrence A. Puritz, and the attached supporting exhibits.

    Plaintiffs submit that this matter should be determined without oral argument. A Proposed order is submitted herewith.

12/7/2023
**DATE**

*[signature]*
**LAWRENCE A. PURITZ**
Attorney for Plaintiff, ES, a minor, by and through her Guardian Ad Litem, Ross Sandberg

MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The underlying case was a medical malpractice complaint under Federal Tort Claims Act ("FTCA") 28 U.S.C. §2671, alleging non-economic damages for medical negligence arising from the careless and negligent care and treatment of Plaintiff E.S., from her healthcare provider in connection with her lack of visual development. The pediatric care was provided at Ampla Health, a federally funded healthcare center. Ammar Changezi, M.D. was the primary care physician for plaintiff ES. Ammar Changezi, M.D. was an employee of Ampla Health and deemed to be covered by the United States of America for the allegations asserted in the operative complaint.

As a result of the negligence of Defendants, minor Plaintiff E.S. suffers permanent and severe blindness (20/200) in her left eye. E.S. and both her parents have all suffered emotional distress due to this negligence.

On April 5, 2018, ES was examined by Dr. Changezi for her three year-old well child check up wherein a significantly decreased red reflex was noted in the left eye. Dr. Changezi signed an urgent patient referral form with a request for a follow-up consult letter within 90 days. A satisfactory explanation of the purpose of the referral was not given to the parents. Neither Dr. Changezi nor the Ampla Health staff followed up on this referral despite future visits to the doctor at Ampla Health.

On October 23, 2023, all parties attended a mediation before James Ghidella (Mediator) in Sacramento, California. At the conclusion of mediation Plaintiff and The United States of America were able to come to a compromise of this matter. The case settled for $140,000.00 between the United States and Plaintiff subject to the specific terms set forth in the settlement agreement, the approval of this petition for minor's compromise being one of them.

Ross Sandberg, guardian ad litem for minor Plaintiff, E.S., hereby submits this memorandum and proposed order for approval of the compromise in this matter, and requests that the Court approve the proposed distribution of the settlement funds belonging to Plaintiff as set forth below.

**Total Settlement:**     $140,000.00
**E.S.:**                 $110,000.00
**Attorney Fees:**        $ 24,766.34

| | |
|---|---|
| **Costs:** | $ 5,233.66 |
| **Liens:** | $    0.00 |

After reduced fees and costs are subtracted from M.S.'s settlement portion, $110,000.00 will remain. With the court's permission, $110,000.00 will be used by the United States to purchase an annuity contract from a life insurance company with at least an A+ or A++ rating by A.M. Best Company rating service for the benefit of E.S.

After the purchase of the annuity contract by the United States, the life insurance company will make the following periodic payments to M.S.:

(1) $15,000.00 per year for 4 years certain, (4 payments) beginning on or about June 1, 2032.

(2) Lump sum of $50,000.00 at age 25 paid on or about December 11, 2039 and lump sum of $120,000.00 paid on or about December 11, 2044.

This proposed annuity provides a $60,000.00 college fund.

## II.    DISCUSSION

### A. Procedural Framework

District courts have a special duty, derived from Federal Rule of civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a Guardian Ad Litem - or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." RULE 202 Fed. R. Civ. P. 17. In general, all transactions involving the claims of such individuals and their proceeds are subject to court approval.

### B. Diclosures

1. Petitioner Ross Sandberg is the father and guardian ad litem for E.S.
2. The minor, E.S. was born on December 11, 2014. She is currently eight years old.
3. Plaintiff's damages in this case arise from the initial April 5, 2018 well-check visit and visual assessment in the left eye was 20/40 and the lack of adequately advising the parents of the severity of their child's possible condition and lack of tracking and follow up in the urgent referral.
4. Medical conditions. Due to the significant delay in E.S. treatment of over one year resulted in permanent visual impairment due to intractable amblyopia, i.e., amblyopia which can no longer respond to treatment due to it's duration without treatment or the age of the patient (see report of Dr. Walter M. Fierson, M.D. attached as **Exhibit A**).

5. Pursuant to the Federal Tort Claims Act (28 U.S.C. § 2678) Plainitff's counsels' attorney fees were calculated at twenty-five percent (25%) of the settlement amount ($35,000.00). However, Plaintiff's counsel has chosen to reduce his attorney fees to $24,766.34.

6. There are no liens in this case as there was no claim for economic damages.

7. Law Offices of Lawrence A. Puritz represents the Plaintiff in this matter and is not employed by any other party or entity.

8. Law Offices of Lawrence A. Puritz has not to date received any compensation for services in connection herewith from any person.

9. Law Offices of Lawrence A. Puritz accepted this engagement for a contingency fee under MICRA and/or 28 U.S.C. §2678 plus reimbursement for any costs advanced. The costs advanced in the prosecution of this matter were reasonable and necessary (see client cost ledger attached as **Exhibit B)**.

### C. *Petitioner's endorsement*

Plaintiff and the Petitioner in particular, acknowledge and understand the terms of the settlement and have agreed to them. Specifically, Petitioner and Plaintiff understand that they would be precluded from seeking further payments from the Defendant if they later learned their damages or those of their child are more severe or different from what they now know them to be. The petitioner further understands the transactions proposed in this petition, and requests that the court approve it.

### III. CONCLUSION

For the reasons above, the Court should enter the order submitted concurrently herewith.

11/22/2023
DATED

LAWRENCE A. PURITZ

11/22/2023
DATED

ROSS SANDBERG, as Guardian Ad Litem for Plaintiff E.S.

Notice and Petition for Approval of Compromise of Claim of Minor; Declaration of Lawrence A. Puritz; Exhibits in Support
Case No: 2:22-CV-02138-MCE-DMC
- 5 -

## DECLARATION OF LAWRENCE A. PURITZ

I, Lawrence A. Puritz, hereby declare as follows:

1. That I am an attorney licensed to practice law in this United States District Court. I am the attorney of record for Plaintiff E.S., a minor. I have personal knowledge of the matter stated herein and would and could testify competently thereto if called. I make this declaration in support of the above application.

2. I have been representing plaintiff's in personal injury cases for approximately forty five years in California. During that time I have handled many medical malpractice cases. I also practiced insurance defense for approximately twenty years.

3. The nature of Plaintiff E.S.'s claims in this lawsuit are set forth in the operative complaint in this action and a true and correct copy of the November 11, 20, 2021 expert report by Pediatric Ophthalmologist Dr. Walter Fierson attached as **Exhibit A.**

4. The total settlement amount is $140,000.00 which was reached after mediation on October 23, 2023 before the Mediator James Ghidella. Your Declarant is of the opinion that this is a fair and reasonable settlement.

5. With the court's permission $110,000.00 will be used by the United States to purchase an annuity from a life insurance company with at least an A+ or A++ rating by A.M. Best Company rating service for the benefit of E.S. This proposed annuity provides a $60,000.00 college fund and a lump sum of $50,000.00 at age 25 paid on or about December 11, 2039 and a lump sum payment of $120,000.00 paid on or about December 11, 2044.

6. Pursuant to the Federal Tort Claims Act (28 U.S.C. § 2678) Plainitff's counsels' attorney fees were calculated at twenty-five percent (25%) of the settlement amount ($35,000.00). However, Plaintiff's counsel has chosen to reduce his attorney fees to $24,766.34.

7. The costs of suit your Declarant advanced were reasonable and necessary in the prosecution of this matter. A True and Correct copy of the costs are attached as **Exhibit B.**

8. There are no economic damages claimed in this case and therefore no liens.

9. My law firm is responsible for this petition.

10. Law Offices of Lawrence A. Puritz did not become concerned with this matter in insistence by any party against whom the claim of the said minor is asserted.

11. Law Offices of Lawrence A. Puritz has not received any compensation for their services in connection herewith from any person.

Notice and Petition for Approval of Compromise of Claim of Minor; Declaration of Lawrence A. Puritz; Exhibits in Support

Case No: 2:22-CV-02138-MCE-DMC

- 6 -

12. Law Offices of Lawrence A. Puritz accepted this engagement for a contingency fee plus reimbursement for any costs advanced. The retainer agreement provides for a MICRA and/or 25% Federal Tort Claims recovery as stated above.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed this <u>NOVEMBER 22, 2023,</u> at Chico, California.

_____
LAWRENCE A. PURITZ

# EXHIBIT A



# Walter M. Pierson, M.D.

F.A.A.O., F.A.A.P.
A PROFESSIONAL CORPORATION

PEDIATRIC OPHTHALMOLOGY
AND
STRABISMUS

The following is a summary of my views on the care of Emily Sandberg with respect to her visual development:

Emily Sandberg was an established pediatric patient with Ampla Health beginning in 2014. She was under the care of Ammar Changezi, MD, and was seen regularly for all of her scheduled health maintenance examinations.

On 04/05/2018, Emily saw Dr. Changezi for her scheduled 3 year-old well child check-up. In an otherwise normal physical exam, a significantly decreased red reflex was noted in the left eye. Visual assessment in the left eye was 20/40, compared to 20/32 in the right eye. All previous examinations, including newborn assessment of the eyes, were normal. Orders were given to the office staff for referral to an ophthalmologist, to rule out a cataract vs. strabismus. An Urgent Patient Referral form, directed to Peach Tree Vision, was completed on 04/05/2018 by Ampla Health. Dr. Changezi signed the form with a request for a follow-up consult letter within 90 days. According to Emily's parents, they received no communication from Peach Tree Vision or Ampla Health regarding scheduling, or urgency of the referral. A satisfactory explanation of the purpose of the referral was not given to them

Over the next year, Emily was seen for well checks and immunizations by the same provider during 3 separate appointments; 10/19/2018, 01/03/2019 and 04/05/2019. No further evaluation or discussion of the ophthalmology issue took place during any of these visits by Dr. Changezi. In fact, according to the medical record, the wrong previous history note was reflected in the 10/19/2018 exam, which lacked the red reflex issue.

On 10/16/2019, Emily was seen at Chico Eye Center for a scheduled routine eye exam. A 3-4+ cataract was discovered in the left eye, along with amblyopia. During that visit, glasses were issued. Based on Emily's age, the parent was informed about the urgency for vision correction. Emily was seen subsequently by Kristiane Ransbarger, MD on 10/25/2019 for ophthalmology evaluation. Diagnosis included a congenital cataract involving 70-80% of the lens, resulting in poor vision (amblyopia) of the involved eye. Based on physician notes, the deprivation amblyopia was very likely due to a dense cataract, present at least 1 year by history. Urgent referral was made to UC Davis Pediatric Ophthalmology Division, where subsequent surgical extraction of the cataract and intraocular lens (IOL) placement was done on 01/13/2020.

To ameliorate or eliminate the amblyopia, poor vision in the left eye resulting from visual deprivation of the left visual system by the cataract, required intensive visual rehabilitation. The method chosen required patching the better seeing eye, for several hours a day. Despite several courses of patching, vision in Emily's left eye remains irreversibly poor at 20/200. This level of vision is at the level of legal blindness if present in both eyes.

The presence of dense amblyopia following cataract surgery in this case is due to the prolonged period of visual deprivation of the left visual system by the cataract, largely due to a failure to obtain eye examination and appropriate treatment in a timely manner after the discovery of a diminished red retinal reflex caused by the cataract. This lack of a prompt evaluation and treatment of the cataract present in the left eye was due to Dr. Changezi's failure to properly re-evaluate the eyes of his patient, despite his suspicion that a problem was present in the left eye and his failure to follow up on his emergency referral. As a result of this failure significant delay in referral and treatment occurred. Dr. Changezi also failed to properly educate the parents on the nature of the referral he made and his reasons for that referral, as well as the urgency of the initial ophthalmic referral. During three subsequent appointments with Emily he initiated no further discussion or follow-up during subsequent office visits.

Cataracts of any type, including congenital cataracts, interfere with normal visual development by depriving the eye in which the cataract is located, and then the side of the visual system associated with that eye, of exposure to formed vision. With a significant cataract present only a blurred image or no image at all is presented to the retina of the involved eye, so the retina of that eye cannot transmit enough data on visual objects back to the brain on that side to allow formation of brain cellular connections that support clear vision; this is the basis for amblyopia, Therefore early intervention is crucial; the sooner the obstructive cataract can be removed and replaced with a lens implant or contact lens the less time is lost for that developmental process. A period of loss of formed vision in a young child of one year is sufficient to cause dense amblyopia that is irreversible, even with intensive treatment.

It is likely, therefore, that the significant delay in Emily's treatment of over one year resulted in permanent visual impairment due to intractable amblyopia, i.e., amblyopia which can no longer respond to treatment due to it's duration without treatment or the age of the patient.

Another significant contributing cause for Emily's visual loss being untreated for a prolonged time is the failure of the Ampla referral system to note that nothing had happened with the emergency referral properly initiated by Dr. Changezi. A properly constituted and properly functioning referral system should have a system that follows individual referrals, especially emergency or urgent referrals, and alerts clerical personnel involved with the system, and then the physician initiating the referral, that no response to the request has been received within a specified period of time; a short time for emergency referrals or urgent referrals, and a longer time period for routine ones. Provision for such a system is routine and required for all properly designed medical referral systems, and appears to be lacking or not properly implemented in this case.

15/20/21
DATE

WALTER M. FIERSON, M.D.

# EXHIBIT B

LAW OFFICES OF
**LAWRENCE A. PURITZ**

**MAIN OFFICE**
182 E. 7TH STREET
P.O. BOX 935
CHICO, CA 95927
TEL (530) 343-1614
FAX (530) 343-1629

**OTHER OFFICES**
*CHESTER, CA
*SUSANVILLE, CA

## CONTINGENCY FEE CONTRACT

THIS IS AN AGREEMENT between _Ross Sandberg_, *on behalf of* _Emily Sandberg_, *a minor*, referred to as "Client," and the Law Offices of Lawrence A. Puritz, hereafter referred to as "Attorney."

1. **Matter Covered**:

Client retains Attorney to represent Client in connection with a claim for damages arising out of an accident that occurred on _4-5-18_.
Med Mal

2. **Services to be Performed by Attorney:**

Attorney agrees to perform the legal services reasonably required to prosecute Client's claim to judgment in a trial court; and if the judgment is in Client's favor, to oppose any motion for new trial.

No other services are covered by this Agreement. Thus, if the judgment is unsatisfactory to Client, Attorney shall not be obligated to render services in connection with a motion for new trial; nor shall Attorney be obligated to render services on appeal or in proceedings to enforce the judgment.

Attorney is authorized to associate and employ other counsel to assist in representing Client, at Attorney's own expense.

Attorneys disclose as required by law that they are covered by errors and omissions insurance which covers the professional services that are to be rendered under this contract.

3. **No Guarantee as to Result:**

Client acknowledges that Attorney has made no guarantee as to the outcome or amounts recoverable in connection with Client's claim.

4. **Litigation Costs and Expenses:**

Attorney may advance any or all of such costs and expenses on Client's behalf.

5. **Contingency Fee to Attorney:**

Client acknowledges that he/she has been advised by Attorney that any contingency fee is negotiable and is not set by law.

Bearing such advice in mind, Client agrees to pay to Attorney a fee of Twenty Five percent (25%) of any recovery. Client agrees that the contingency fee is to be based on the total amount of the settlement after costs and expenses are deducted. Client agrees that liens will be deducted from the amount of the settlement after the contingency fee and costs and expenses have been deducted.

6. **Form of Recovery as Affecting Contingency Fee:**

In the event the recovery consists of periodic payments over a period of time, or any other form of property which is not cash or cash-equivalent, the contingency fee shall be based on the present cash value of the recovery and shall be payable out of the first funds or property received.

7. **Attorney's Lien:**

Client hereby grants Attorney a lien on Client's claim and any cause of action filed therein to secure payment to Attorney of all sums due under this Agreement for services rendered and costs advanced.

8. **Client Acknowledgment:**

Client acknowledges having read all of the terms and conditions set forth in this Agreement and that he/she fully understands and agrees to same.

9. **Copy Received by Client:**

Client acknowledges receipt of a copy of this Agreement concurrently with Client's execution thereof.

Entered into on 6-11-2020

_Ross Sandberg_
On behalf of minor child   PRINT NAME

_Ross Sandberg_ (signature)
On behalf of minor child   SIGNATURE

_Lawrence Puritz_
Attorney PRINT NAME

_Lawrence Puritz_ (signature)
Attorney SIGNATURE

**LAW OFFICES OF LAWRENCE A. PURITZ**
PO BOX 935, Chico, CA  95927  OR 182 East 7th Street, Chico, CA  95928  Tel: 530-343-1614

## SETTLEMENT BREAKDOWN
## EMILY SANDBERG, by and through her father and G.A.L. Ross Sandberg

*Settlement Date: 10-23-2023*

| | | |
|---|---:|---:|
| **KEMPER INSURANCE SETTLEMENT AMOUNT:** | | $140,000.00 |
| Attorney Fees (25% or $35,000.00, reduced to $24,766.34) | $ | (24,766.34) |
| **SUBTOTAL:** | | **$115,233.66** |

**COSTS ADVANCED BY ATTORNEY:**

| | | |
|---|---:|---:|
| 7-31-2022, Pam Gersch, Consultant fee, Invoice No: 20-080 | $ | (150.00) |
| 10-26-2020, UC Davis, Facility billling | $ | (20.00) |
| 10-26-2020, UC Davis, Physician billing | $ | (20.00) |
| 11-13-2020, ShareCare/Ampla Health Inv. No:1461565 | $ | (48.59) |
| 11-04-2020, FedEx Inv#532129832 (sent SDL pkg/CD's) | $ | (34.76) |
| 12-07-2020, Vital Chart/VRC, UC Davis Inv No:20201207141937414 | $ | 106.20 |
| 2-04-2021, ShareCare Inv. No:W7XHC-1 (Ampla Health prior records) | $ | (107.14) |
| 2-09-2021, Hilal Abu-Zahra, MD, Consult fee | $ | (500.00) |
| 12-29-2021, Pamela Gersch, Invoice No:21-088, Consultant fee | $ | (75.00) |
| 1-27-2022, FedEx SDL & records, wage loss to US Dept. of Health & Human Svcs., Washington DC | $ | (45.61) |
| 2-03-2022, FedEx SDL & records, wage loss to US Dept. of Health & Human Svcs., Washington DC | $ | (39.78) |
| 11-30-2022, Filed Complaint in Federal Court, filing fee | $ | (402.00) |
| 12-29-2022, Pamela Gersch, Invoice No:22-091, medical summary, | $ | (187.50) |
| 12-30-2022, Michael Jenkins, Inv# 735677-served Summons & Complaint on U.S. Attorneys Office (Sacramento)- includes fee, mileage | $ | (277.20) |
| 12-30-2022, Michael Jenkins, Inv# 735679-B, served Summmons & Complaint on Ampla Health | $ | (150.00) |
| 2-28-2023, printing orders from Federal Court website | $ | (1.30) |
| 7-11-2023, VRC ROI Plus- UC Davis Center, Inv# IN20230710161427470 | $ | (55.80) |
| 8-8-2023, Carol Nygard & Associates, (Depo of Ammar Changezi)Inv#115754 | $ | (720.32) |
| 10-23-2023, James Ghidella, Mediation- ($375.00 per hr. [5hrs.]+ room charge+ mileage+ tolls= $2,176.32/2) | $ | (1,088.16) |
| 11-03-2023, (Chronological Timeline, Organization of Binder with Exhibits, Changezi Depo Questions, Meeting with Larry & Client, Lit Search, Specialty Referrals complied standards of care, review of changezi depo & feedback | $ | (562.50) |
| In-house Photo Copies #0029(4271 copies @ .20) *as of 10-18-2023* | $ | (854.20) |
| **TOTAL COSTS:** | $ | **(5,233.66)** |

**LIENS AGAINST FILE:**

| | | |
|---|---:|---:|
| Aetna Health Insurance *(No lien- not claiming economic damages)* | $ | - |
| **TOTAL LIENS:** | $ | - |

| | | |
|---|---:|---:|
| **CASE SUBTOTAL:** | | $115,233.66 |
| **TOTAL COSTS:** | $ | (5,233.66) |
| **TOTAL LIENS:** | $ | - |
| **TOTAL BALANCE TO CLIENT:** | | **$110,000.00** |

*I have read the above distribution and agree to it. I understand that I am responsible for any and all outstanding bills and/or liens that may be due at this time or in the future that are not listed above. I also understand that my file in this matter will be destroyed in five years unless I request that the file be transferred to me within that period.*

11/22/2023
**DATED**

[signature]
**ES by & through her father & GAL, ROSS SANDBERG**

## CERTIFICATE OF SERVICE BY E-MAIL

The undersigned hereby certifies that she is an employee of the Law Offices of Lawrence A. Puritz at 182 E. 7th St., Chico, California 95928 and is a person of such age and discretion to be competent to serve papers:

That on December 7, 2023, she served a copy of Plaintiff E.S.':

**NOTICE AND PETITION FOR APPROVAL OF COMPROMISE OF CLAIM OF MINOR; DECLARATION OF LAWRENCE A. PURITZ; EXHIBITS IN SUPPORT**

by transmitting a true and correct copy thereof via electronic mail to the addresses listed below:

**VICTORIA L BOESCH**
Assistant United States Attorney
Email: Victoria.Boesch@usdoj.gov

**Attorney for Defendants, United States, Ampla Health & Ammar Changezi, MD**

JULEE BENNETT
Paralegal
Law Offices Of Lawrence A. Puritz